UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------X
Jessie Bell Glenn,

                Plaintiff,        Civil Action No.:_____

      against

Audubon Financial Bureau, LLC,        **COMPLAINT AND**
A Delaware Limited Liability Company,   **DEMAND FOR TRIAL BY JURY**
and Adam D. March, individually
                Defendant.
-------------------------------------------------X

## PRELIMINARY STATEMENT

This is an action for damages and declaratory judgment brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter referred to as "FDCPA").

Plaintiff brings suit based on the unfair, abusive and deceptive practices employed by Defendants in its attempt to collect an alleged debt from Plaintiff.

## JURISDICTION AND VENUE

1. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), in that Defendants transact business here.

2. This Court's jurisdiction is conferred by 28 U.S.C. §1331, as well as 15 U.S.C. §1692k *et seq*.

3. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

4. This Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

1

## PARTIES

5.    Plaintiff, Jessie Bell Glenn ("Plaintiff"), resides in Allen County, Ohio, at 1607 Plainfield Drive, Lima, Ohio 45805.

6.    At all relevant times herein, Plaintiff is a natural person allegedly obligated on a debt, and is therefore a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

7.    Upon information and belief, Defendant Audubon Financial Bureau, LLC is a Delaware limited liability company conducting business from offices located at 200 John James Audubon Parkway, Suite 301, Amherst, New York 14228.

8.    Upon information and belief, Defendant Adam D. March, is a member-manager and/or shareholder of Audubon, and upon information and belief oversees its day-to-day operations. *See Nicholas Jamele v. Audubon Financial Bureau, LLC, and Adam D. March,* 12-cv-60957; *See generally, Fox v. Citicorp Credit Services, Inc.* 15 F.3d 1507 (9th Cir. 1994); *Kistner v. Law Offices of Michael P. Margelefsky,LLC.* 518 F.3d 433, 440-41 (6th Cir. 2008).

9.    March is a natural person, and a citizen of the State of New York, residing at 66 Golden Pheasant Drive, Getzville, New York, 14068.

10.   Defendants regularly use the mail and telephone in a business, the principal purpose of which is the collection of debts.

11.   Defendants regularly collect or attempt to collect debts for other parties.

12.   Defendants are "debt collectors" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

13.   Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth

at length herein.

14.     On or about March 1, 2013, Defendants' representative, Ms. Mason, called Plaintiff at her home in an attempt to collect an alleged debt.

15.     Ms. Mason told Plaintiff that Defendants had a judgment against her, and that Defendants will serve her legal papers if she does not make a payment.

16.     Ms. Mason continued to threaten Plaintiff by telling her that Defendants will take her money and that she should have her lawyer contact them, as this was an important matter.

17.     Plaintiff never took out a loan that Defendant would be collecting on.

18.     Defendant did not disclose who the original creditor was on this alleged debt.

19.     Defendants failed to send Plaintiff a 30-day validation notice within 5 days of the initial communication.

20.     As a direct result of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

### FIRST CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(2))

21.      Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22.     Defendants debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(2), in that Defendants made false, deceptive, and/or misleading representations in connection with character, amount, and legal status of the Alleged Debt, when Defendants tried to collect the alleged debt when it was not authorized to do so, and in that

Defendant deceived Plaintiff into thinking that Plaintiff will be sued if Plaintiff did not make the payment.

23.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### SECOND CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(3))

24.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25.     Defendants debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(3), in that Defendants falsely indicated that the communication was from an attorney when it deceived Plaintiff into thinking that it filed legal papers and that her attorney needed to contact them.

26.     As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### THIRD CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(5))

27.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28.     Defendants debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e(5), in that Defendants threatened to take action that cannot be legally taken or that was not intended to be taken when it threatened Plaintiff with a lawsuit saying that Defendant had legal papers for Plaintiff.

29. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### FOURTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(10))

30. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31. Defendants violated 15 U.S.C. §1692e(10), when Defendants used false representations that Plaintiff owed a debt and deceptive means that they have legal paper and that she needs an attorney when attempting to collect the Alleged Debt.

32. As a result of Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### FIFTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692g)

33. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. Defendants violated 15 U.S.C. §1692g, in that Defendants failed to send Plaintiff a 30-day validation notice or right to dispute the debt within five days of the initial communication, as required by the FDCPA.

35. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

36.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jessie Bell Glenn demands judgment from the Defendant Audubon Financial Bureau, LLC, and Defendant Adam D. March as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

C.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.  For a declaration that the Defendants' practices violated the FDCPA; and,

E.  For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
         April 25, 2013

                              Respectfully submitted,


                              By:   __s/Jacob J. Scheiner_____
                                    Jacob J. Scheiner, Esq.
                                    Fredrick Schulman & Associates
                                    30 East 29TH Street
                                    New York, New York 10016
                                    (212) 796-6053
                                    jscheiner@fschulmanlaw.com
                                    Attorneys for Plaintiff